FORM B104  (08/07)                                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Paul K. Allen,<br>Helen G. Allen | **DEFENDANTS** HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates, WMC Mortgage Corp. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WINTERBOTHAM PARHAM TEEPLE, A PC<br>Michael Smith (SBN 259267)<br>4371 Latham Stree Suite 105, Riverside, CA 92501<br>(P) 951-686-7717 (F) 951-686-2536 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☒ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO AVOID JUNIOR LIEN AFFECTING REAL PROPERTY
(11 U.S.C. §506(a) & §506(d). ; FRBP 3012; 28 U.S.C §157(b)(2) & §1334; General Order No. 256 of the U.S. District Court for the Central District of California)

| **NATURE OF SUIT** |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>Paul K. Allen and Helen G. Allen | **BANKRUPTCY CASE NO.**<br>6:11-bk-42000 |

| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Riverside | **NAME OF JUDGE**<br>Hon. Wayne Johnson |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|

| **DATE**<br>5/18/17 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Michael Smith |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WINTERBOTHAM PARHAM TEEPLE, A PC<br>MICHAEL SMITH (CBN#259267)<br>4371 LATHAM STREET, SUITE 105<br>RIVERSIDE, CALIFORNIA 92501<br>(951) 686-7717<br>(951) 686-2536 FAX<br><br><br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>Paul K. Allen,<br>Helen G. Allen<br><br><br><br>Debtor(s). | CASE NO.: 6:11-bk-42000-WJ<br><br>CHAPTER: 13<br><br><br>ADVERSARY NUMBER: |
|---|---|
| Paul K. Allen,<br>Helen G. Allen<br><br><br><br>Plaintiff(s)<br>Versus<br>HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates, WMC Mortgage Corp.<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____<br>Courtroom: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012<br>☒ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                              **KATHLEEN J. CAMPBELL**
                              **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


                    By: _____
                              Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                      Page 2                      **F 7004-1.SUMMONS.ADV.PROC**

1 | Michael Smith, Esq. (SBN 259267)
Winterbotham Parham Teeple, A PC
2 | 4371 Latham Street, Suite #105
San Bernardino, CA 92501
3 | Telephone: (951) 686-7717
Fax: (951) 686-2536
4 |
Attorney for Debtor/Plaintiff,
5 |

6 | **UNITED STATES BANKRUPTCY COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA – SAN BERNARDINO DIVISION**

8 | In re: ) Case No.: 6:11-bk-42000-WJ
)
9 | ) Chapter 13
Paul K. Allen, )
10 |  Helen G. Allen ) Adversary No.:
)
11 | Debtor. ) **DEBTORS' COMPLAINT TO AVOID**
) **JUNIOR LIEN ON PRINCIPAL**
12 | Paul K. Allen, ) **RESIDENCE (11 USC § 506);**
 Helen G. Allen ) **DECLARATIONS OF MICHAEL SMITH**
13 | Plaintiff, ) **IN SUPPORT THEREOF**
)
vs.
14 | )
)
15 | HSBC Bank USA, N.A. as Trustee )
on behalf of ACE Securities )
16 | Corp. Home Equity Loan Trust )
and for the Registered Holders )
17 | of ACE Securities Corp. Home )
Equity Loan Trust, Series 2007- )
18 | WM2, Asset Backed Pass-Through
19 | Certificates, WMC Mortgage
Corp.
20 |
21 | DEFENDANT(s).
)
22 | )

23 | NAME OF CREDITORS HOLDING JUNIOR LIENS (DEFENDANTS): HSBC Bank

24 | USA, N.A. as Trustee on behalf of ACE Securities Corp. Home

25 | Equity Loan Trust and for the Registered Holders of ACE

26 | Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset

27 | Backed Pass-Through Certificates, WMC Mortgage Corp.

28 |

## INTRODUCTION

1. The Debtors and Plaintiffs in this proceeding are Paul K. Allen and Helen G. Allen ("PLAINTIFFS").

2. The DEFENDANTS in this proceeding are HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates, WMC Mortgage Corp. ("DEFENDANTS").

3. This is an action brought by PLAINTIFFS, in order to avoid the junior deed of trust mortgage or encumbrance (lien) of DEFENDANTS pursuant to 11 U.S.C. §506.

4. Jurisdiction: This Adversary Proceeding arises out of and is related to the above-captioned Chapter 13 case now pending in the United State Bankruptcy Court. The complaint involves a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and General Order No. 266 of the United States District Court of California.

5. Venue: Venue for this adversary proceeding is proper in this court pursuant to 28 U.S.C. § 1409(a).

//
//
//
//

2

1

**STATEMENT OF FACTS**

2      1. PLAINTIFFS filed a Voluntary Petition and Proposed Plan

3         under Chapter 13 on October 13, 2011, bearing the case

4         number 6:11-bk-42000-WJ.

5      2. PLAINTIFFS own the real property described as 24671 San

6         Mortiz Drive, Crestline, CA 92325. ("Principal Residence")

7      3. A Confirmation Hearing was held on November 17, 2011 and

8         the Order Confirming Plan ("Order") was entered on

9         November 30, 2011. The Order is document 20 on the

10        Court's docket.  The Order Confirming Chapter 13 plan is

11        attached as Exhibit "1".

12     4. PLAINTIFFS' Chapter 13 Plan included a provision calling

13        for the avoidance of a junior lien held by HSBC Bank USA,

14        N.A. as Trustee on behalf of ACE Securities Corp. Home

15        Equity Loan Trust and for the Registered Holders of ACE

16        Securities Corp. Home Equity Loan Trust, Series 2007-WM2,

17        Asset Backed Pass-Through Certificates, WMC Mortgage

18        Corp.  ("JUNIOR LIEN").  The JUNIOR LIEN was in the form

19        of a Deed of Trust recorded on December 1, 2006 as

20        document number 2006-0815266 with the county recorder of

21        San Bernardino County and Assignment of Deed of Trust

22        recorded on November 4, 2011 as document number 2011-

23        0458986 with the county recorder of San Bernardino

24        County.  See Exhibit "2" for the Junior Deed of Trust and

25        See Exhibit "3" for Assignment of Junior Deed of Trust.

26     5. On October 13, 2011 the amount owed on the JUNIOR LIEN

27        was $35,199.10.  See Exhibit "4".

28

3

6. On April 16, 2013, PLAINTIFFS filed a motion to avoid DEFFENDANTS' junior lien ("Valuation Motion"). The Valuation Motion is document 66 on the Court's docket. The order granting the Valuation Motion was entered on May 9, 2013.  The Order is document 77 on the Court's docket.  The order granting Debtors' Valuation Motion is attached as Exhibit "5". The order granting Debtors' initial Valuation Motion is attached as Exhibit "6"

7. PLAINTIFFS have complied with all requirements under the plan and have received a discharge on April 26, 2017. The discharge is docket number 165 on the Court's docket. A copy of the discharge is attached as Exhibit "7"

8. PLAINTIFFS are now entitled to, and request, an order that the junior lien of HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates, WMC Mortgage Corp. be avoided and no longer enforceable.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for an order stating as follows:

1. The junior lien of HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan

4

Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates, WMC Mortgage Corp. on PLAINTIFFS' Principal Residence, in the amount of $35,199.10, is invalid, void, and unenforceable;

2. The Deed of Trust executed by Paul K. Allen and Helen G. Allen in favor of WMC Mortgage Corp., securing a debt in the principal amount of $35,199.10, and recorded on December 1, 2006 as document number 2006-0815266 in the Official Records of San Bernardino County, is invalid, void and unenforceable.

3. The Assignment of Deed of Trust executed by Mortgage Electronic Registration System, Inc. acting solely as nominee for WMC Mortgage Corp. in favor of HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, securing a debt in the principal amount of $35,199.10, and recorded on November 4, 2011 as document number 2011-0458986 in the Official Records of San Bernardino County, is invalid, void and unenforceable.

1

2  Dated: May 17, 2017          Respectfully submitted by

3                                WINTERBOTHAM PARHAM TEEPLE, A PC

4

5                                By, _____

6                                     Michael Smith
7                                     Attorney for PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

| Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Rod Danielson<br>Chapter 13 Trustee<br>4361 Latham Street, Suite 270<br>Riverside, CA 92501<br>Tel. (951) 826-8000<br>Fax (951) 826-8090<br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>**NOV 30 2011**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gooch    DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PAUL KENT ALLEN<br><br>HELEN GRACE ALLEN<br><br><br><br>Debtor(s). | CASE NO.: **6:11-bk-42000-WJ**<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING**<br>**CHAPTER 13 PLAN**<br><br>DATE:          November 17, 2011<br>TIME:          1:30 pm<br>COURTROOM:  302<br>PLACE:        3420 Twelfth St.<br>              Riverside, CA 92501 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of debtor(s), was filed on <u>October 13, 2011</u>.

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure. The debtor(s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a). The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1.   Plan Payments:
     a.  [ X ]   The amount of each monthly plan payment is <u>$1,064.00</u>. The due date is the <u>13th</u> day of each month for <u>60</u> months. The Plan provides for the payment of <u>87.00</u>% of allowed claims for general unsecured creditors.

     b.  [  ]   The amount of each monthly plan payment is $_____ for months _____. For months _____, the monthly plan payment is $_____. The due date is _____ day of each month. The Plan          provides for the payment of _____% of allowed claims for general unsecured creditors.

2.   Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to the post-petition defaults by the debtor(s).

3.   Other provisions:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*          FG:100 -  KP                    Page 1                    **F 3015-1.21.ORDER**

a. [X]  This is a base plan with the debtor(s) paying at least $63,840.00 of disposable income into the Plan. The debtor(s) shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%. The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the debtor(s) or the claims have been paid in full without further notice or order from the court.

b. [X]  The Trustee is authorized to make payment to holders of secured claims based on the plan. However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

c. [X]  Counsel for debtor(s) is awarded fees of $4,000.00; having previously received $1,701.00 , counsel is entitled to $2,299.00 payment of  from the estate. Fees will be paid in an amount of not more than 50% of each plan payment until paid in full.

d. [X]  Additional provisions incorporated in this Order:
1.  Debtor(s) must pay the base plan amount or the percentage to unsecured creditors, whichever is greater.
2.  In addition to the monthly plan payments, tax refunds received during the term of the plan are pledged to the plan.
3.  The plan is modified to comply with the requirements of the court's approved plan form.
4.  Debtor(s) reserve the right to object to any claim notwithstanding any plan interlineations.

e. [X]  Interlineations:
- 

DATED: November 30, 2011

*Wayne John*

United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*          FG:100 -  KP                    Page 2                          **F 3015-1.21.ORDER**

# EXHIBIT "2"

# FIRST AMERICAN TITLE

Electronically Recorded in Official Records, County of San Bernardino    12/01/2006
10:20 AM
BN



**LARRY WALKER**
Auditor/Controller - Recorder

**699 First American - MS**

Recording Requested By /
Return To:
WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

Attn:    (WHOLESALE)

Prepared By:
REBECCA LOGAN

WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

| Doc #: | 2006-0815266 | Titles: | 2 | Pages: | 8 |
|---|---|---|---|---|---|
| | | Fees | | | 37.00 |
| | | Taxes | | | .00 |
| | | Other | | | .00 |
| | | PAID | | | 37.00 |

2530655

[Space Above This Line For Recording Data]

## DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

Serv #: 11748893

ALLEN
Loan #: 11748893
PIN: 0340-052-29-0-000
MIN: 100136300117488931

THIS DEED OF TRUST is made this   10th   day of   November, 2006   , among the Trustor,
PAUL ALLEN AND HELEN ALLEN, HUSBAND AND WIFE AS JOINT TENANTS

whose address is  24671 SAN MORITZ DRIVE, CRESTLINE, CA 92325
, (herein "Borrower"),

WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION
(herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns.) MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
WMC MORTGAGE CORP.

("Lender") is organized and existing under the laws of  CALIFORNIA                          and has an address of
3100 THORNTON AVE., BURBANK, CA 91504-3183

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
, State of California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS
EXHIBIT 'A'.

Parcel ID Number:  0340-052-29-0-000

CALIFORNIA – SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
DOCU7CA1                                          Page 1 of 7                                          Form 3805
WMCD7CA1.VTX  07/06/2006

11748893                                                            11748893
which has the address of    24671 SAN MORITZ DRIVE                                    ,

                                        [Street]

CRESTLINE                                    , California   92325              (herein "Property Address");
[City]                                                      [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law of custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **November 10,** **2006**    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $  **76,000.00**            , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **December 1, 2036**   ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

11748893                                                                          11748893

**3.   Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4.   Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5.   Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6.   Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7.   Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8.   Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9.   Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10.   Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11748893

11748893

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in

Page 4 of 7

11748893 11748893

the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES: [Check box as applicable]

☐ Adjustable Rate Rider    ☐ Balloon Rider                    ☐ 1-4 Family Rider
☐ Condominium Rider    ☐ Planned Unit Development Rider   ☐ Second Home Rider
☐ Bi-Weekly Rider       ☐ Other(s) [specify]

11748893                                                                                     11748893

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded Concurrently Herewith in Book N/A_____,
Page N/A_____, records of                                    County, or filed for record with recorder's
serial number Concurrently Herewith_____,                   County, California, executed by
PAUL ALLEN AND HELEN ALLEN, HUSBAND AND WIFE AS JOINT TENANTS


as trustor (or mortgagor) in which  WMC MORTGAGE CORP.


                                        is named as beneficiary (or mortgagee) and  WESTWOOD
ASSOCIATES, A CALIFORNIA CORPORATION                                              as trustee be mailed to
WMC MORTGAGE CORP._____
    [Receiver of Notice]
at 3100 THORNTON AVE., BURBANK, CA 915043183_____.
    [Address]

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.


_____
                    [Borrower]


[PLEASE SEE BORROWER SIGNATURE LINES AND NOTARY ACKNOWLEDGEMENT ON NEXT PAGE]

11748893                                                                11748893

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_Helen Allen_ _11-16-06_
- Borrower - HELEN ALLEN - Date -

_Paul Allen_ _11-16-06_
- Borrower - PAUL ALLEN - Date -

(Sign Original Only)

State of Hawaii                  )
                                )
County of Kauai                 )
On November 16, 2006   before me, **Tricia A. Castillo-DeForge**, Notary Public
                                   _____
                                   (here insert name and title of the officer)

personally appeared   Helen Allen and Paul Allen

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

Tricia A. Castillo-DeForge

My Commission Expires: 05/01/2009

DOCU7CA7
WHCD7CA7.VTX  07/06/2006

Page 7 of 7                                          Form 3805

Order Number:  0623-2530555  (04)
Page Number:  6

## Exhibit A'
### LEGAL DESCRIPTION

Real property in the unincorporated area of the County of San Bernardino, State of California, described as follows:

LOT 86, TRACT NO. 2616 SWITZERLAND SUBDIVISION UNIT NUMBER 2, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 37 OF MAPS, PAGES 42 TO 45, INCLUSIVE, RECORDS OF SAID COUNTY.

APN: 0340-052-29-0-000

*First American Title*

# EXHIBIT "3"

A101702

**RECORDING REQUESTED BY**
LAW OFFICES OF LES ZIEVE
18377 Beach Blvd., Ste. 210
Huntington Beach, CA  92648

**WHEN RECORDED MAIL TO**
NAME  BANKRUPTCY DEPARTMENT
LAW OFFICES OF LES ZIEVE
MAILING
ADDRESS 18377 Beach Blvd.,
Ste. 210
CITY, STATE Huntington Beach, CA
ZIP CODE  92648

Electronically Recorded in Official Records, County of San Bernardino    11/04/2011
09:36 AM
BN

 **DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
893  LPS Default Title & Closing

Doc #:  **2011-0458986**    Titles:  1    Pages:  3



| | |
|---|---|
| Fees | 24.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 24.00 |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# T I T L E(S)

ASSIGNMENT OF DEED OF TRUST

Prepared by: Nadine Alvarez
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
678055469415
Attorney Code: 24043 BR
MIN: 100136300117488931
MERS Ph.#: (888) 679 – 6377

## ASSIGNMENT OF DEED OF TRUST
### CALIFORNIA

This **ASSIGNMENT OF DEED OF TRUST** from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.(MERS)**, as nominee for WMC MORTGAGE CORP., whose address PO Box 2026 Flint, MI 48501-2026, its successors and assigns, ("Assignor) to **HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-WM2, ASSET BACKED PASS-THROUGH CERTIFICATES** whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409; (Assignee) its successors and assigns, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of **SAN BERNARDINO** County, State of **CALIFORNIA**, as follows;

Trustor: PAUL ALLEN AND HELEN ALLEN
Trustee: WESTWOOD ASSOCIATES
Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR WMC MORTGAGE CORP.
Document Date: NOVEMBER 10, 2006
Amount: $ 76,000.00
Date Recorded: DECEMBER 01, 2006
Document/Instrument/Entry Number: 2006-0815266
Property Address: 24671 SAN MORITZ DRIVE, CRESTLINE, CA

"This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title"

*Property more particularly described in the above referenced recorded Deed of Trust*

This Assignment is made without recourse, representation or warranty.

DATED: OCTOBER 25, 2011

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(MERS)

BY: _____
NAME: Lesli Goodman
TITLE: Assistant Secretary

State of FLORIDA
County of PALM BEACH

**Leticia N. Arias**

On OCTOBER 25, 2011, before me, _____, personally Lesli Goodman personally known
to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

**Leticia N. Arias**

NOTARY PUBLIC STATE OF FLORIDA
Leticia N. Arias
Commission #DD737904
Expires   NOV. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

# EXHIBIT "4"

| UNITED STATES BANKRUPTCY COURT **CENTRAL**    DISTRICT OF CALIFORNIA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Allen,Helen<br>Allen,Paul | | Case Number: 11-bk-42000 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Sec. 503.*

| | |
|---|---|
| Name of Creditor(the person or other entity to whom the debtor owes money or property): HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates | ☐ Check this box to indicate that this claim amends a previously filed claim.<br>**Court Claim Number:**<br>*(If known)*<br><br>Filed on: |
| Name and address where notices should be sent<br>Ocwen Loan Servicing, LLC<br>Attn:Bankruptcy Department<br>1661 Worthington Rd<br>Suite 100<br>West Palm Beach, FL 33409<br>Phone No: 1-888-554-6599<br>Fax No: 407-737-5634 | |

| Name and address where payments should be sent<br>Ocwen Loan Servicing, LLC<br>Attn: Cashiering Department<br>1661 Worthington Rd<br>Suite 100<br>West Palm Beach, FL 33409 | Trustee payments need to be sent to the below:<br>Ocwen Loan Servicing, LLC<br>Attn: Cashiering Department<br>P.O. Box 24781<br>West Palm Beach, FL 33416-4781 | ☐ Check Box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ 35199.10<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete   item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. Sec 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. Sec 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**                    Money loaned<br>   (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier 11 U.S.C. Sec 507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:**     9433<br><br>   **3a. Debtor may have scheduled account as:**     4694<br>      (See instruction #2 on reverse side.) | |
| **4. Secured Claim**(See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☒ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br>Property Address: 24671 , San Moritz Drive , Crestline , CALIFORNIA - 92325<br><br>Value of Property:   $ 190000.0    **Annual Interest Rate** 2.00000 %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $ 0.00        **Basis for perfection:** Secured<br><br>Amount of Secured Claim:$ 35199.10   **Amount Unsecured:** $ 0 | ☐ Contributions to an employee benefit plan 11 U.S.C. Sec 507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use 11 U.S.C. See 507 (a)(7). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Taxes or penalties owed to governmental units 11 U.S.C. Sec 507 (a)(8). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.*(See definition of redacted on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | ☐ Other Specify applicable paragraph of 11 U.S.C. Sec 507 (a)(__).<br><br>**Amount entitled to priority:**<br>$<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>10/20/11 | Signature:The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Rushabh Shah, Assistant Manager | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Secs. 152 and 3571.*

created with evaluation software from www.xmlpdf.com

## EXHIBIT "A"

### ITEMIZATION OF CLAIM

| | |
|---|---|
| **Date of Filing:** | 10/13/2011 |
| **Case Number:** | 11-bk-42000 |
| **Debtor:** | Allen,Helen<br>Allen,Paul |
| **Creditor:** | HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates |

---

**Arrearage:**

| | | |
|---|---|---|
| Monthly Payments: | $ | 0.00 |
| Late Charges: | $ | 0.0 |
| Non Sufficient Fund Charges: | $ | 0.0 |
| Escrow Advances: | $ | 0.0 |
| Fees, Costs & Property Preservation Expenses: | $ | 0.0 |
| Securitized Interest Arrearage: | $ | 0.0 |
| Interest on Claim: | $ | 0.0 |
| POC Fee: | $ | 0.0 |
| (Forbearance Suspense): | $ ( | 0.0 ) |
| (Miscellaneous Suspense): | $ ( | 0.0 ) |
| (Pre-Pet Suspense): | $ ( | 0.0 ) |
| **TOTAL ARREARAGE:** | $ | 0.0 |

---

**\*Post-Petition payment amount (including escrow if any) is**     $     174.76

**\*Applicable in states where the trustee is required to make post-petition payments on debtors behalf\***

**\*Subject to change according to terms of your note and mortgage\***

created with evaluation software from www.xmlpdf.com

**P&I Schedule:**

| From | To | %Rate | Days | P&I |
|------|----|-------|------|-----|

## EXHIBIT "B"

### Payoff Information

| | | |
|---|---|---|
| **Unpaid Principal Balance:** | $ | 35199.1 |
| **Interest From:** 10/20/2011 to 10/20/2011 | $ | 0.0 |
| **Late Charges:** | $ | 0.0 |
| **Non Sufficient Fund Charges:** | $ | 0.0 |
| **Escrow Advances:** | $ | 0.0 |
| **Fees, Costs & Property Preservation Expenses:** | $ | 0.0 |
| **Securitized Interest Arrearage:** | $ | 0.0 |
| **Interest On Claim:** | $ | 0.0 |
| **POC Fee:** | $ | 0.0 |
| **(Miscellaneous Suspense):** | $ ( | 0.0 ) |
| **(Forbearance Suspense):** | $ ( | 0.0 ) |
| **(Pre-Pet Suspense):** | $ ( | 0.0 ) |
| **Payoff as of:** 10/13/2011 | $ | 35199.1 |
| **Per Diem Amount:** | $ | 0.00 |

Recording Requested By /
Return To:
WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

Attn:     (WHOLESALE)

Prepared By:
REBECCA LOGAN

WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

Certified true and correct copy of original

By_____

[Space Above This Line For Recording Data]

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT
### ALLEN

THIS DEED OF TRUST is made this   **10th**   day of   **November, 2006**   , among   the   Trustor,
**PAUL ALLEN AND HELEN ALLEN, HUSBAND AND WIFE AS JOINT TENANTS**

whose address is **24671 SAN MORITZ DRIVE, CRESTLINE, CA 92325**

, (herein "Borrower"),

**WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION**
(herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for
Lender, as hereinafter defined, and Lender's successors and assigns.) MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**WMC MORTGAGE CORP.**

("Lender") is organized and existing under the laws of   **CALIFORNIA**                          and has an address of
**3100 THORNTON AVE., BURBANK, CA 91504-3183**

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and
conveys to Trustee, in trust, with power of sale, the following described property located in the County of
**SAN BERNARDINO**                          , State of California:
**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS EXHIBIT 'A'.**

Parcel ID Number: **0340-052-29-0-000**

CALIFORNIA – SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
DOCU7CA1                          Page 1 of 7                          Form 3805
**WMCD7CA1.VTX   07/06/2006**

which has the address of   24671 SAN MORITZ DRIVE

[Street]

**CRESTLINE**                                   , California 92325                    (herein "Property Address");
[City]                                                                   [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents). all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law of custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated   November 10, 2006   and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $  76,000.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on   December 1, 2036   ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.



**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in

the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. Request for Notices. Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:     [Check box as applicable]

☐ Adjustable Rate Rider  ☐ Balloon Rider  ☐ 1-4 Family Rider
☐ Condominium Rider  ☐ Planned Unit Development Rider  ☐ Second Home Rider
☐ Bi-Weekly Rider  ☐ Other(s) [specify]

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded Concurrently Herewith in Book N/A_____,
Page N/A_____. records of _____  County, or filed for record with recorder's
serial number Concurrently Herewith          .                               County, California, executed by
PAUL ALLEN AND HELEN ALLEN, HUSBAND AND WIFE AS JOINT TENANTS

as trustor (or mortgagor) in which  WMC MORTGAGE CORP.

                                                                  is named as beneficiary (or mortgagee) and  WESTWOOD
ASSOCIATES, A CALIFORNIA CORPORATION                                   as trustee be mailed to
WMC MORTGAGE CORP.

[Receiver of Notice]
at 3100 THORNTON AVE., BURBANK, CA 915043183 _____.
[Address]

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

_____
[Borrower]

[PLEASE SEE BORROWER SIGNATURE LINES AND NOTARY ACKNOWLEDGEMENT ON NEXT PAGE]

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____  _11-16-06_ /

- Borrower - HELEN ALLEN - Date -

_____  _11-16-06_

- Borrower - PAUL ALLEN - Date -

(Sign Original Only)

State of Hawaii )
County of Kauai )
On November 16, 2006 )  before me, **Tricia A. Castillo-DeForge**, Notary Public
                              (here insert name and title of the officer)

personally appeared  Helen Allen and Paul Allen

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____  (Seal)

Tricia A. Castillo-DeForge

My Commission Expires: **05/01/2009**

DOCU7CA7
NHCDTCA7.VTX  07/06/2006                    Page 7 of 7                    Form 3805



## LEGAL DESCRIPTION

Real property in the unincorporated area of the County of San Bernardino, State of California,
described as follows:

LOT 86, TRACT NO. 2616 SWITZERLAND SUBDIVISION UNIT NUMBER 2, IN THE COUNTY OF
SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 37 OF MAPS,
PAGES 42 TO 45, INCLUSIVE, RECORDS OF SAID COUNTY.

APN: 0340-052-29-0-000

# NOTE

November 10, 2006            LAKE ARROWHEAD                                  , California
Date                        City
24671 SAN MORITZ DRIVE CRESTLINE, CA 92325

Property Address

1.      BORROWER'S PROMISE TO PAY
        In return for a loan that I have received, I promise to pay U.S. $ 76,000.00       (this amount
will be called "principal"), plus interest, to the order of the Lender. The Lender is WMC MORTGAGE
CORP.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and
who is entitled to receive payments under this Note will be called the "Note Holder."

2.      INTEREST
        I will pay interest at a yearly rate of 9.875       %.
        Interest will be charged on unpaid principal until the full amount of principal has been paid.

3.      PAYMENTS
        I will pay principal and interest by making payments each month of U.S. $ 659.94
        I will make my payments on the 1st  day of each month beginning on January 1, 2007       .
I will make these payments every month until I have paid all of the principal and interest and any other charges,
described below, that I may owe under this Note. If, on December 1, 2036       , I still owe amounts
under this Note, I will pay all those amounts, in full, on that date.
        I will make my monthly payments at 4828 Loop Central Drive Houston, TX
77081-2226                                                                                  or at a
different place if required by the Note Holder.

4.      BORROWER'S FAILURE TO PAY AS REQUIRED
        (A) Late Charge for Overdue Payments
        If the Note Holder has not received the full amount of any of my monthly payments by the end of
15      calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount
of the charge will be 5.000      % of my overdue payment, but not less than U.S. $ N/A      and not
more than U.S. $ N/A     . I will pay this late charge only once on any late payment.
        (B) Notice From Note Holder
        If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a
written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date
must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after
the date on which it is delivered to me.
        (C) Default
        If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in
default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal
which has not been paid and all the interest that I owe on that amount.
        Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full
as described above, the Note Holder will still have the right to do so if I am in default at a later time.
        (D) Payment of Note Holder's Costs and Expenses
        If the Note Holder has required me to pay immediately in full as described above, the Note Holder will
have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law.
Those expenses include, for example, reasonable attorneys' fees.

CALIFORNIA – SECOND MORTGAGE – 6/84 – FNMA/FHLMC UNIFORM INSTRUMENT
DOCU6CA1                                              Page 1 of 3                           Form 3905
WMCD6CA1.VTX  08/25/2005

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
BY:
ALPINE ESCROW & CORPORATION

5.    THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

6.    BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

7.    BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

8.    GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9.    RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any

Page 2 of 3

person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

NOTICE TO BORROWER
Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____  11-16-06
- Borrower -  HELEN ALLEN - Date -

_____  11-16-06
- Borrower -  PAUL ALLEN - Date -

(Sign Original Only)

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Paul Kent Allen** | | Social Security number or ITIN  **xxx–xx–8702** |
| | First Name    Middle Name    Last Name | | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 | **Helen Grace Allen** | | Social Security number or ITIN  **xxx–xx–9433** |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Central District of California** | | | |
| Case number:  **6:11–bk–42000–WJ** | | | |

## Order of Discharge − Chapter 13                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Paul Kent Allen
aka Paul K Allen Sr., aka Paul Allen, aka Paul K Allen

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 4/26/17

**Dated:** <u>4/26/17</u>

Helen Grace Allen
aka Helen G Allen, aka Helen Allen, aka Helen Grace Warner

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 2 Discharge Date: 4/26/17

**By the court:**    <u>Wayne E. Johnson</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

165/JEF

For more information, see page 2 >

# EXHIBIT "5"

1

2   Dale Parham, Esq. (SBN 47045)
    Winterbotham Parham Teeple, A PC
3   4371 Latham Street, Suite #105
    Riverside, CA 92501
4   Telephone: (951) 686-7717
    Fax: (951) 686-2536
5   Attorney for Debtors,
    Paul Kent Allen and Helen Grace Allen
6

**FILED & ENTERED**

**DEC 09 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY avalos    DEPUTY CLERK

7                                                    CHANGES MADE BY COURT

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   RIVERSIDE DIVISION

11

12  In re:                                 Case No.: 6:11-bk-42000-WJ

13  PAUL KENT ALLEN and                    CHAPTER 13
    HELEN GRACE ALLEN,
14                                         **ORDER GRANTING VALUATION MOTION**
                         Debtors.
                                           Date:   November 17, 2011
15                                         Time:   1:30 PM
                                           Place:  Courtroom 302
16                                                  3420 Twelfth Street
                                                    Riverside, CA 92501
17

18

19       The Court has considered the motion of the debtors, Paul and Helen Allen, entitled "Debtor's

20  Motion To Avoid Junior Lien On Principal Residence [11 U.S.C. § 506(d)]" ("Motion"). The

21  Motion pertains to Ocwen Loan Servicing, LLC ("Creditor") and the real property located at

22  24671 San Mortiz Drive, Crestline, California 92325 ("Property"). No party filed any opposition or

23  response to the Motion and the deadline to do so passed. Accordingly, prior to the hearing scheduled

24  for November 17, 2011, the Court issued a final ruling approving the Motion and waiving

25  appearances at the hearing.

26

27

28

Having considered the Motion, the declarations in support thereof, the papers and pleadings filed in this case, the Court hereby finds that good cause exists to grant the Motion (in part) to the extent set forth in the Court's ruling.

Therefore, the Court hereby ORDERS, ADJUDGES and DECREES:

1.    The Motion is granted in part.[1]

2.    The Court finds that the Property has a value of no more than $167,000.00 as of September 14, 2011.

3.    Any proof of claim of the Creditor based upon a junior lien secured by the Property ("Junior Claim") shall be allowed and treated as a non-priority, unsecured claim in this chapter 13 case and shall be paid through the chapter 13 plan pro rata with all other unsecured claims.[2] The Creditor is not required to, but may file an amended proof of claim asserting its Junior Claim as an unsecured claim to be paid in accordance with the chapter 13 plan in this case. If an amended claim is not filed, the chapter 13 trustee may treat any Junior Claim (secured or unsecured) filed by the Creditor as entirely unsecured.

---

[1] To the extent that the title of the Motion or the content of the Motion seek relief avoiding, extinguishing, attacking or otherwise modifying any lien, that language and relief is not approved by the Court. The relief granted in this order is limited solely to valuing the collateral of a junior lienholder and determining the treatment of its claims in this bankruptcy case. Nothing in this order shall be construed to avoid a lien or determine the extent, validity, or priority of a lien or security interest. The lien of the junior lienholder will remain of record and the junior lienholder shall retain all rights under the lien unless and until the Court enters a further order or judgment avoiding the lien. If the Court confirms a plan of reorganization and the debtor timely performs all obligations under the confirmed plan, the debtor may thereafter initiate an adversary proceeding pursuant to F.R.B.P. Rule 7001(2) to obtain a further order or judgment extinguishing or avoiding the junior lien.

[2] If, in addition to the Junior Claim, the Creditor is also the holder of another lien against the Property that is the senior lien against the Property, then none of the terms of this order shall be construed to apply to that senior lien or any proof of claim based upon that senior lien. This order only applies to any junior lien of the Creditor.

4.    No monthly mortgage payments shall be made on account of the Junior Claim.

5.    The Motion contains evidence indicating it was directed at the Creditor and the Motion also contains *prima facie* evidence that the Motion was properly served upon the Creditor.[3] Therefore, the relief set forth in this order is granted, but only as to the Creditor. This order is binding upon the Creditor (and any successors-in-interest to or assignees of the Creditor) but not upon any other creditor, any affiliate of the Creditor or any other party.

IT IS SO ORDERED.

###

---

[3] Nothing in this order shall be construed as waiving the right of the Creditor to challenge this order pursuant to applicable federal law (including, but not limited to, Rule 60(b)(4) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure) if the Creditor can demonstrate the order was obtained as a result of insufficient service of process of the Motion.

DATED: December 9, 2011

*Wayne John*

United States Bankruptcy Judge

# EXHIBIT "6"

FILED & ENTERED

MAY 09 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PAUL KENT ALLEN and<br>HELEN GRACE ALLEN,<br><br>               Debtors. | Case No.: 6:11-bk-42000-WJ<br><br>CHAPTER 13<br><br>**ORDER GRANTING VALUATION MOTION**<br><br>Hearing:<br>Date:  May 8, 2013<br>Time:  1:30 p.m.<br>Place:  United States Bankruptcy Court<br>           Courtroom 302<br>           3420 Twelfth Street<br>           Riverside, CA 92501 |

      The Court has considered the motion of the debtors, Paul and Helen Allen, entitled "Debtor's Motion To Avoid Junior Lien On Principal Residence [11 U.S.C. § 506(d)]" [Docket #66] ("Motion"). The Motion pertains to HSBC Bank USA, N.A. and the real property located at 24671 San Moritz Drive, Crestline, California 92325 ("Property"). The Court previously entered an order on December 9, 2011 valuing the Property and the Motion seeks an order providing that the order also applies as to HSBC Bank USA, N.A.

- 1 -

1    Having considered the Motion, the declarations in support thereof, the papers and

2    pleadings filed in this case, the Court hereby finds that good cause exists to grant the Motion.

3

4    Therefore, the Court hereby ORDERS, ADJUDGES and DECREES:

5

6    1.    The Motion is granted. The Court finds that the order entered on December 9,

7    2011 is binding upon HSBC Bank USA, N.A.

8

9    IT IS SO ORDERED.

10                       ###

Date: May 9, 2013

Wayne Johnson
United States Bankruptcy Judge

- 2 -

# EXHIBIT "7"

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Paul Kent Allen** | | Social Security number or ITIN   xxx-xx-8702 |
| | First Name      Middle Name      Last Name | | EIN   __-_____ |
| Debtor 2 | **Helen Grace Allen** | | Social Security number or ITIN   xxx-xx-9433 |
| (Spouse, if filing) | First Name      Middle Name      Last Name | | EIN   __-_____ |
| United States Bankruptcy Court   **Central District of California** | | | |
| Case number:   **6:11-bk-42000-WJ** | | | |

## Order of Discharge – Chapter 13                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Paul Kent Allen
aka Paul K Allen Sr., aka Paul Allen, aka Paul K Allen

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 4/26/17

Helen Grace Allen
aka Helen G Allen, aka Helen Allen, aka Helen Grace Warner

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 2 Discharge Date: 4/26/17

**Dated:** 4/26/17

**By the court:**     Wayne E. Johnson
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

165/JEF

For more information, see page 2 >

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

# EXHIBIT "8"

1

2

**DECLARATION OF MICHAEL SMITH**

I, MICHAEL SMITH, declare:

3

4

1. I am over the age of eighteen years; the matters set

5

forth herein are of my personal knowledge; and, if

6

called and sworn as a witness herein, I could and

7

would so testify.

8

2. I am an employee of Winterbotham Parham Teeple, a PC,

9

attorney of record herein for Paul K. Allen and Helen

10

G. Allen ("PLAINTIFFS"), and at whose direction the

11

service described herein was made.

12

3. I have personally reviewed the Order Confirming

13

Chapter 13 Plan Notice, which I accessed through

14

Pacer, and is attached hereto as **Exhibit "1"**.

15

4. A true and correct copy of the Junior Trust Deed on

16

the Real Property, which was procured from San

17

Bernardino County Recorder's Office, is attached

18

hereto and is incorporated by reference as **Exhibit
"2"**.

19

20

5. A true and correct copy of the Assignment of Junior

21

Trust Deed on the Real Property, which was procured

22

from San Bernardino County Recorder's Office, is

23

attached hereto and is incorporated by reference as
**Exhibit "3"**.

24

6. A true and correct copy of the HSBC Bank USA N.A.'s

25

proof of claim, which accessed through PACER, is

26

attached hereto and is incorporated by reference as

27

**Exhibit "4"**.

28

7

7.   I have personally reviewed the Order Granting
PLAINTIFFS' Valuation Motion, which I accessed through
Pacer, and is attached hereto as **Exhibit "5"**.

8.   I have personally reviewed the Order Granting
PLAINTIFFS' Valuation Motion, which I accessed through
Pacer, and is attached hereto as **Exhibit "6"**.

9.   I have personally reviewed the PLAINTIFFS' Notice of
Discharge, which I accessed through Pacer, and is
attached hereto as **Exhibit "7"**.

I declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and complete
to the best of my knowledge.  Executed at San Bernardino,
California on this 17th day of May 2017.

_____

Michael Smith

8